OPINION of a majority of the Court, by
Ch. J. Eti-wards,
— This was a proceeding under the act of the legislature, authorising a summary mode of recovery by petition and summons, upon the following note : “ I owe George Brown this day on our settlement two hun-¿[ref\ ant¡ thirty seven dollars and ninety-six cents, which I promise to pay as soon as I receive a draft, it he wants it at that time, &c.
JOHN KINCAID.”
This note was assigned to John Higgins, who exhibited his petition and caused a summons to be issued t''iereon and had judgment m the circuit court,
The act cited confines the remedy by petition and summons to cases of bonds and notes for the direct payment of money, declares that the petition shall stand in the place of a declaration, and requires that it shall contain no more than the note itself, as allegation : front aq which js most obviously inferable, that if the bond or note, upon its lace, does not shew a cause of action, or where the obligation to pay depends upon any colla-tera^ mattei'j this remedy will not lie. For it is an universal rule of law, with which it cannot be presumed the *353 legislature intended to dispense, that the plaintiff to recover must exhibit a good cause of action.
Wherever a bond or note contains an absolute promise to pay, independent of any extraneous matter, the exhibition of such bond or note is sufficient evidence to entitle a plaintiff to a recovery, and in such cases the allegation of the bond or note itself would be sufficient. But where the obligation to pay accrues upon the happening of a contingency, depends upon a condition precedent to be performed on the part of the plaintiff, or any like matter, then it must be so specially avered as to admit of a direct traverse. Without such averment a court could no more, in the case of a petition and summons, than in an ordinary suit at common law, be au-thorised to give judgment in favor of a plaintiff; therefore, in this form of proceeding, the plaintiff could not recover either without or with an averment: not without it, because he then shew3 a defect of right; not with it, because the statute admits of none. In this case the defendant Higgins, could not shew himself entitled to a recovery, without an averment that the draft had been received, or at least that he had demanded the amount of the note ; which of these averments would be indispensable, or whether the one or the other would be sufficient, the court does not so much intend to decide, as that the case is such as to render an averment of one or the other absolutely necessary ; consequently, applying the principles which have already been laid down to this case, the judgment of the circuit court must be declared erroneous, and is hereby reversed with costs.
From which opinion Judge Bibb dissenting, delivered his opinion as follows :
I cannot agree the expressions “ as soon as I receive a draft, if he wants it at that time,” ought to deprive the holder of the note, of the remedy by petition ; for I yet think the note is for the direct payment of money. The acknowledgment of settlement and balance due, is a direct evidence of debt; the promise to pay on an event uncertain in itself and depending wholly upon the will or negotiation of the debtor, ought not, in my opinion, to be considered as making the note any other than as payable on request ; this uncertain promise ought not to defeat a debt plainly acknowledged any more than a bond would be defeated by a condition never to pay.
*354 The fund from which the draft was contemplated, and that it was not a deceitful but a competent fund, might have been explained by the defendant, if any such had been specified and agreed upon. In the absence of all testimony upon the subject, I think that no other request than the suit was necessary, and that the petition was properly supported by the court below.