Opinion of the court by
Chief Justice Bibb.
Wilson sued, by petition and summons against Lewis Castleman, William S. Dallam, Ward, Scebree, two Johnsons and Brandt, as “trading under the firm of Castleman, Dallam & Co.”
The writing set forth in the petition, is an account staled thus:
Petition and summons will not lie against Castleman & Dallam, &c. on a note signed Castleman Dillon & Co. If the persons are the same it must be shewn by averment, which cannot be made in this form of suit.
"Mr. L. Castleman, to Downing and Grant, Dr.”
The articles are then stated and their prices, to the amount of $72 50, with a request to pay the above account to some one, but that request is erased except the words “account to” and “oblige,” but the whole is legible except the person to whom the order was payable, and this account and order is signed Downing and Grant.
“ We acknowledge the above, Oct, 17, 1819 ”
“ Castleman, Dillon & Co.”
“Pay the within to Mr. Robert Wilson. Sept. 4, 1820.” “Downing & Grant.”
The suit was abated as to all but Dallam & Castleman, and judgment taken by default against them.
The statute authorizes this form of action on writings for the direct payment of money, and gives the form of the petition, which requires the writing to be copied.
This summary proceeding applies only to writings which, on their face, are plain and unequivocal evidences of contract for the direct payment of money, between the parties to the writings. In Kinkaid vs. Higgins, 1 Bibb 352, it was adjudged that the statute admits of no averment, and where the obligation depends on any collateral matter or averment this remedy will not lie.
This petition claimed the debt against the firm of Castleman, Dallam & Co. the writing copied as the foundation and evidence of that demand is against Castleman, Dillon, Co. Apparently these are different firms, Dallam and Dillon are different names. Dillon is not sued. That Castleman, Dallam & Co. and Castleman, Dillon & Co. are the same, and not other and different persons and firms, depends on averment. To charge Dallam by the name of Dillon, or Castleman, Dallam & Co. by the name of Castleman, Dillon & Co. it must be averred that they are the same persons and same firm. The variance between Dallam and Dillon is obvious. To make them mean the same person, must be done by *110 an averment of a matter not apparent in the writing but, out of it, and essential to charge Castleman, Dallam & Co. by virtue of that writing.
Wickliffe and Haggin, for plaintiffs in error,.
The writing set out in the petition does not seem to be such a direct and evident charge upon the persons sued and convicted of debt as the statute requires. Neither the substantial descriptions in the act, nor the form of petition prescribed in it, are adapted to this writing.
We are satisfied from the transcript of the record, as made and certified by the clerk, that the variance between Dallam and Dillon, is not a mere slip of the attorney in drawing the petition.
The judgment is reversed, and the cause remanded to the circuit court, with direction to dismiss the suit, because a petition and summons does not lie upon the writing.
Plaintiffs in this court to recover their costs.