Chief Justice Bibb
delivered the Opinion of the Court.
M’Caughan sued by petition and sum inons, against Pool and others, and set forth' a note by which the defendants obliged themselves to pay the plaintiff two hundred dollars on the 25th November, 1825—“and it is expressly agreed upon by both parties, and to be understood by all persons, that the payment of this obligation is to meet a re-plevy bond of said M’Caughan, due to the executors of the estate of John Goode deceased, and in case we, the undersigned, fail making payment at the above time, we obligate ourselves to put property into the officer’s hands, sufficient to satisfy two hundred dollars of said replevin bond, with all costs that might arise thereon, by our failure in payment at the above time.”
Upon demurrer to the petition, the plaintiff has judgment for the sum of two hundred dollars with interest.
The sole question is, whether the obligation is such as that the remedy given by statute, by petition and summons, is appropriate. Or whether the plaintiff should have sued in another form of action.
No averment can be ipade in a petition in the action, under the statute; helice, where that is necessary, this form of action is not * maintainable.
Where the question “is the debt due or not,” depends on whether the defendant had perform-aJter" ¿ition allowed him, the petition and notlie.
*336 According to the adjudged cases, the staute am thorizes such remedy only, where the writing is evidence, so directly and unequivocally on its face, of a debt due in money, as that no averment is necessary to show that the plaintiff is entitled to the debt demanded. The leading case on that subject, is Kinkaid, vs. Higgins, 1 Bibb, 352. In that case, the doctrine is laid down, that where the obligation to pay the debt demanded by the petition, is to accrue upon the happening of a contingency, or depends upon the performance or non-performance of a condition, the plaintiff cannot sue in this form prescribed by statute; because the statute admits of no averment. The statute, and the form of the petition prescribed, as adapted to plain and direct evidences of debt; where no averment is necessary to show the breach except the mere allegation that the said debt, so directly and absolutely imported by the face of the writing, remains unpaid. If to support the action of debt, the plaintiff would be bound, over and above the mere exhibition of the note or writing, to aver something else, which is traversable by the defendant, then the petition and summons will not do; because the statute admits of no aver? ment.
Bonds with collateral conditions, will not authorize petitions and summons; because the plaintiff must set out the whole truly; and upon the penalty and condition to do some collateral thing, duty or act, other than the payment of money, it does not appear whether the condition has been broken, or performed; the debt therefore is due, or not due, as the condition has been broken, or not broken, performed or not performed. Whether any thing is due the plaintiff in such cases, depends upon averment of breach of the condition.
So in this case, whether the debt demanded is due or not, depends upon the question whether the defendants have, or have not, performed, or broken the alternative permitted by the obligation of delivering property. This is a bond for money, with a collateral condition.
Triplett, for plaintiff; Mayes, for defendants.
It is argued that the alternative is insensible and void, for uncertainty as to the officer to whom the property was to be delivered. We think otherwise. The replevin bondis described with sufficient certainty; the event of non-payment of that bond when due is looked to; the issuing of execution upon it, is contemplated, and the delivery of property to the officer, charged with the execution of the process of law to enforce the payment of the replevin bond, is what is plainly intended. To support an action of debt on this obligation, some averment is necessary, relative to the collateral matter, and alternative condition agreed upon between the parties, as equivalent to payment of the sum of money expressed in the obligation.
It seems to this court, that the petition and summons was not the appropriate remedy on the obligation set forth.
Therefore, it is considered by the court, that the judgment of the circuit court be reversed, and the cause remanded with direction to enter judgment on the demurrer in favor of the defendant in that court.
Plaintiffs in this court to recover their costs: