<div align="right">
SEPT. TERM.<br>
1840.<br>
Ex's of Shobe<br>
v.<br>
Morris.
</div>

---

## Curle v. McNutt.

Petition in debt will not lie on a note which does not show on its face when it became due. To maintain suit on such a note it is necessary to make an averment of the time when the note became due, and no such averment can be made in this form of action.

Appeal from the St. Louis Circuit Court.

*Darby for Appellee.*

The record appears to be correct, and it is difficult for me to see what points arise in the case. There can be none, save the over-ruling the demurrer, and that will appear to have been properly decided by the circuit court. 5 vol. Mo. decisions, Hamilton adm'r of Rundlett vs. Stewart, p. 266.

*Opinion of the Court by Tompkins, Judge.*

McGirk, Judge, did not sit in this cause.

John McNutt brought his action under the statute against Richmond J. Curle in the circuit court. He had judgment there, and to reverse that judgment, Curle appeals to this court.

The note set out in the petition of McNutt is as follows: On the first day of January I promise to pay John McNutt or order the sum of, &c. The defendant Curle demurred,

SEPT. TERM 1840.

Curle
v.
McNutt.

and the circuit court over-ruling the demurrer gave judgment for the plaintiff.

It does not appear by the face of the note sued on in this action when it became due. In this the petition was defective; the declaration made at the close of the petition, that the debt remains unpaid, and therefore, &c., does not help the appellee; as it ought to appear that before he sued, he had a right to demand payment. The judgment of the circuit court should have been for the appellant.

Petition in debt will not lie on a note which does not show on its face when it became due. To maintain suit on such a note it is necessary to make an averment of the time when the note became due, and no such averment can be made in this form of action.

Its judgment must then be reversed, and in disposing of the cause we are led to enquire whether in this statutory mode of proceeding the plaintiff can, if the cause be remanded, amend his petition by making an averment that the first day of January next after the date of the note was the day on which the parties intended the note to become due. The act declares that any person being the legal owner of any bond or note for the direct payment of money or property may sue thereon, &c., by petition in debt. The form is then given, viz: "the plaintiff states that he is the legal owner of the bond or note against the defendant to the following effect. The copy is then inserted, and the petition concludes as in the record, "yet the debt remains unpaid, therefore he demands, &c." The third section of the act provides how assignments may be set out in case there be any, and that the instrument sued on shall be filed with the clerk together with the petition.

Our act is a copy of that of Kentucky, and under their act, the courts of that State decide, that no averments can be made in this form of suit. In the case of Dallam and Castleman vs. Wilson the court of appeals say, "petition and "summons will not lie against Castleman and Dallam & co. "on a note signed Castleman, Dillon & co. If the persons "are the same it must be shown by averment which cannot be made in this form of suit." For say that court, "this "summary proceeding applies only to writings which on "their face are plain and unequivocal evidences of a contract "for the direct payment of money between the parties to "the writings. In Kinkaid vs. Higgins, 1 Bibb 352, it was "adjudged that the statute admits of no averment, &c."

Great respect is certainly due to the decisions of the courts of that state on a statute which we have every reason to believe was, as it were, transplanted from that state into this; for much the greater part of our population migrated thence; but our own legislature seem themselves to have intimated, by declaring how assignments of such instruments should be set out, their intention that no other change should be made in the form of the petition. The intention of the framers of the act was to simplify the mode of proceeding at law for the collection of debts. This intention is expressed in the title of the first act, viz: of January 1825. For the reasons above given, it is my opinion that the plaintiff should have declared on this note as at common law. Judge McGirk does not sit in this cause on account of a legal disqualification; but Judge Napton concurs in opinion. The cause will then be remanded to the circuit court, and that court will dismiss the suit because the statutory action of petition in debt does not lie on the instrument of writing here sued on.

<div align="right">

SEPT TERM
1840.

