## THOMPSON ET AL. VS. SHREVE ET AL.

The remedy by petition in debt will not lie against the maker and indorser of a note—the contract of the indorser, not being for the direct and absolute payment of money but a conditional one, his liability must be shown by averment, and the statute admits of no averments other than those, in substance, which it prescribes.

*Appeal from Arkansas Circuit Court.*

Hon. W. M. HARRISON, Circuit Judge.

CLARK, WILLIAMS & MARTIN, for appellants.

262 CASES IN THE SUPREME COURT.

Thompson et al. vs. Shreve et al. [December]

Mr. Justice COMPTON delivered the opinion of the court.

This was a proceeding by petition in debt. The petition alleges as follows:

"Your petitioners, William T. Shreve, James A. Anderson, and Charles Thomas, merchants and partners in trade, doing business under the firm name and style of Shreve, Anderson & Thomas, the plaintiffs in this cause, state that by assignment, they are the legal owners of a note against the defendants, Henry J. Thompson and Thomas J. Thompson, to the following effect:

'SWAN LAKE, Nov. 1st, 1859.

'$377 57.

'On or before the 1st day of February, 1861, I promise to pay to T. J. Thompson or order three hundred and seventy-seven 57–100 dollars, for value received, bearing interest at the rate of ten per cent. per annum from date until paid.

HENRY J. THOMPSON.'

"On which is the following assignment:

'Pay to Shreve, Anderson & Thomas for value recieved.

T. J. THOMPSON.'

by virtue of which the plaintiffs have become the owners thereof; yet the debt remains unpaid; therefore, they demand judgment for their debt, and damages for the detention thereof, together with their costs."

A demurrer to the petition was overruled, and the defendants declining to make further defence final judgment was rendered against them and they appealed.

The suit is brought against the indorser or assignor, as well as against the maker of the note, and the question raised by the demurrer is whether this can be legally done. It was held by this court in *Blevins vs. Blevins*, 4 *Ark.*, 441, that the remedy by petition in debt will only lie on instruments for the direct payment of money—or, in other words, where the payment is direct and absolute, and not dependent upon a contingency. To the same effect was the principle decided in the previous case of *Mitchell vs. Walker*, 4 *Ark.*, 145. The indorsement of a note,

in contemplation of law, amounts to a contract, by which the indorser binds himself, that if, when the note is duly presented, it is not paid by the maker, he, the indorser, will upon due and reasonable notice given him of the dishonor, pay the same to the indorsee, or other holder. (*Story on Prom. Notes, sec.* 135.) This then is not a [contract for the direct and absolute payment of money, but is a conditional one. If the conditions are performed the indorser is liable, and if they are not, he is discharged. It does not, therefore, belong to that class of contracts upon which petition in debt will lie.

There was no averment of demand and notice, but if there had been, it could have made no difference. The statute admits of no material averments other than those, in substance, which it prescribes. The remedy is adapted to a particular class of cases, where the writing on its face is evidence, so directly and unequivocally, of a debt due in money, as that no averment is necessary to show that the plaintiff is entitled to recover. In other words, wherever it becomes necessary in order to disclose the action, to make an averment other than such as are prescribed by the statute, petition in debt does not lie; and the party must resort to his appropriate remedy, according to the forms of the common law. And we are supported in this view by repeated decisions of the court of appeals of Kentucky, upon a statute substantially similar to our own. (*Morehead & Brown's Stat. Laws, Ky. p.* 1319.) Thus in *Pool et al. vs. McCaughan,* 6 *Monroe,* 335, the suit was on a bond for money, with a collateral condition; and the court held that a petition in debt could not be maintained, and referring to the previous decision in *Kincaid vs. Higgins,* 1 *Bibb,* 352, said : " In that case the doctrine is laid down that where the obligation to pay the debt demanded by the petition, is to accrue upon the happening of a contingency, or depends upon the performance or non-performance of a condition, the plaintiff cannot sue in this form prescribed by statute; because the statute admits of no averment. The statute, and the form of the petition prescribed, is adapted to plain and direct

evidences of debt, where no averment is necessary to show the breach except the mere allegation that the said debt so directly and absolutely imported by the face of the writing, remains unpaid. If to support the action of debt, the plaintiff would be bound, over and above the mere exhibition of the note or writing to aver something else, which is traversable by the defendant, then the petition and summons will not do; because the statute admits of no averment."

The provision, in the third section of our statute, to the effect that, if the plaintiff is the owner of the instrument sued on, as assignee, the fact of the assignment must be stated in the petition does not authorize a suit against the assignor, in the form prescribed by the statute, but is merely for the purpose of showing that the plaintiff is the legal owner of the instrument. This is manifest, not only from the context of the statute, but from the language employed in the particular section.

We are clearly of opinion that the court erred in overruling the demurrer, for which error the judgment must be reversed, and the cause remanded for further proceedings.